UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL AUTO WARRANTY SERVICES, INC., ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:04CV1512MLM |
| GROUPE HFC, INC. d/b/a ) DISCOUNT WARRANTIES, ) Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Sanctions, to Strike Defendant's Pleadings and for an Order of Interlocutory Default. [Doc 30]

Some background is appropriate: On March 24, 2005 the attorneys representing defendant Groupe HFC, Inc. d/b/a Discount Warranties ("HFC") moved to withdraw as counsel for defendant, citing irreconcilable differences. As a result of this Motion, which was unopposed by plaintiff's counsel, the court allowed counsel for defendant to withdraw and ordered that defendant substitute counsel no later than April 25, 2005. Subsequently, plaintiff filed a Motion to Compel Discovery from defendant pursuant to Fed.R.Civ.P. 37(a)(2)(B). On March 30, 2005 the court granted the Motion. The court directed that defendant with the assistance of substitute counsel respond to plaintiff's discovery no later than May 9, 2005.

On April 15, 2005 plaintiff filed a Suggestion of Bankruptcy with respect to defendant Paul A. Hart only and moved the court to sever his claim from that of defendant HFC. On April 26, 2005 the court administratively closed plaintiff's case against defendant Paul A. Hart until such time as the bankruptcy proceedings in the United States District Court for the Western District of Texas were completed, to be re-opened upon motion of either party at the appropriate time. The court also severed the case against defendant HFC and ordered that all previous motions and orders remained in full force and effect as to defendant HFC.

As of the date of the filing of plaintiff's Motion, defendant HFC has neither substituted counsel nor responded in any way to plaintiff's discovery requests.

Fed.R.Civ.P. 37(b)(2) states in pertinent part:

If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

Fed.R.Civ.P. 55 states in pertinent part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default.

The court finds that defendant HFC has failed to obey an Order of this court and that defendant HFC's pleadings, including its Answer to the Complaint, should be stricken. If defendant HFC's Answer is stricken, it is in default pursuant to Rule 55.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions, to Strike Defendant's Pleadings and for an Order of Interlocutory Default is **GRANTED**. [Doc. 30]

**IT IS FURTHER ORDERED** that Defendant Groupe HFC's pleadings are **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter the default of defendant Groupe HFC.

**IT IS FURTHER ORDERED** that there shall be a hearing on the amount of damages on <u>**Tuesday, June 7, 2005**</u> at <u>**10:00 A.M.**</u> Defendant Groupe HFC is strongly urged to employ counsel and attend the damages hearing. The failure to do so may result in the waiver of rights under Fed.R.Civ.P. 55(c) and 60(b) to set aside the default and judgment.

<u>/s/Mary Ann L. Medler</u>
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this <u>  16th  </u> day of May, 2005.