UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL AUTO WARRANTY SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GROUPE HFC, INC. d/b/a )<br>DISCOUNT WARRANTIES, )<br>)<br>Defendant. ) | Case No. 4:04CV1512MLM |

## **MEMORANDUM AND ORDER**

On May 17, 2005 the Clerk of the Court entered the default of Defendant Groupe HFC, Inc. d/b/a Discount Warranties ("Defendant") pursuant to Rule 55 of the Federal Rules of Civil Procedure. [Doc. 32] On June 7, 2005 a hearing was held to determine the amount of damages sustained by Plaintiff. Plaintiff appeared through its President, Darain Atkinson, and its Chief Financial Officer, Phillip Jehle. Plaintiff also appeared through counsel, Stuart I. Platt.

In spite of diligent efforts to locate Defendant and to secure its presence at the default hearing, Defendant failed to appear.

At the hearing pertaining to damages only the court heard testimony from Mr. Darain Atkinson, President of Plaintiff corporation, and Mr. Philip Jehle, Chief Financial Officer of Plaintiff corporation. After giving due consideration to the testimony, exhibits presented, and having taken Judicial Notice of the court file, the court finds as follows:

1. Both parties have previously consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 626(c). [Doc. 11]

2. This court has personal jurisdiction over both parties to this action, pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.00

3. This court has proper venue pursuant to 28 U.S.C. § 1391.

4. Plaintiff, National Auto Warranty Services, Inc., is at this time and was at the time of the events leading to its cause of action, a corporation existing by virtue of and organized pursuant to the laws of the State of Missouri, with its principal place of business located within the County of St. Charles, State of Missouri.

5. Defendant Groupe HFC, Inc. d/b/a Discount Warranties, is at this time and was at the time of all events involved in this litigation, a corporation organized pursuant to the laws of the State of Texas, with its principal place of business located in Austin, Texas, and conducting substantial and continuous business within the State of Missouri.

6. Plaintiff, at all relevant times, was engaged in the business of brokering and selling extended auto warranty service contracts on a retail basis, to the general public. It is the court's understanding that an extended auto warranty service contract is an insurance contract, which insures against mechanical defects existing in automobiles which are insured pursuant to such contracts.

7. Defendant, at all times relevant to this cause of action, was in the business of brokering and selling extended auto warranty service contracts.

8. Between April and July of 2004, Plaintiff, through its President, Darain Atkinson, entered into an oral agreement with Defendant Groupe HFC, Inc. d/b/a Discount Warranties, through its president, Paul A. Hart, to broker extended auto warranty contracts through Defendant. Plaintiff was to receive profit margins or commissions for the sale of each contract sold, less any cancellations.

9. The oral contract was governed by oral representations and through the course of conduct of the parties as shown in Plaintiff's Exhibit 1. Although there is no written agreement, the court finds that there was proper consideration and mutual assent to the terms of the agreement, by which Plaintiff was to receive an average on each contract brokered of $1,790.22, as and for commission or profit margin payment from Defendant Groupe HFC, Inc. d/b/a Discount Warranties.

10. Pursuant to the testimony of Plaintiff's President, Darain Atkinson, Defendant Groupe HFC, Inc. d/b/a Discount Warranties offered established and fixed rates for extended automobile warranty contracts, which varied depending on the year and make of the automobile insured, and Plaintiff at all times was free to broker an extended auto warranty contact pursuant to its oral agreement with Defendant, for any amount Plaintiff received for sales of such contracts. The average commission earned by Plaintiff on each contract sold, pursuant to the testimony given by Mr. Philip Jehle, Chief Financial Officer of Plaintiff corporation, was $1,790.22.

11. The course of conduct between the parties was ongoing and continuous, and the oral agreement was confirmed by Defendant, through payments which were made by Defendant to Plaintiff, on six occasions, in the total sum of $184,393.00, for commissions paid on 103 contracts sold, averaging $1,790.22 per contract.

12. A contract did exist between the parties, there was mutual assent and due consideration, and Defendant breached its oral contract with Plaintiff by failing to pay the commissions to Plaintiff for 298 contracts sold between April of 2004 and October of 2004, as brokered by Plaintiff through Defendant.

13. The average profit margin on each contract sold is a fair basis upon which to determine the damages sustained by Plaintiff pursuant to its oral agreement with Defendant, on 298 contracts, for a total sum of $533,486.54 (See Plaintiff's Trial Exhibit 1).

14. The amount of compensatory damages sustained by Plaintiff as a result of Defendant's breach of contract between Plaintiff and Defendant is $533,486.54.

15. Because the court has found the existence of an oral contract which was breached by Defendant, Plaintiff's claim for unjust enrichment pursuant to Count III of its Complaint is moot, and this claim will be dismissed.

16. Paul A. Hart, as president of Defendant Groupe HFC, Inc. d/b/a Discount Warranties, made representations to Plaintiff that Plaintiff would be paid commissions for sales of extended auto warranty service contracts which were brokered through Defendant.

17. Defendant Groupe HFC, Inc. d/b/a Discount Warranties is vicariously liable for the representations made by its President, Paul A. Hart, as an officer and employee of Defendant.

18. The representations made by Paul A. Hart on behalf of Defendant Groupe HFC, Inc. d/b/a Discount Warranties HFC, were false, and material to Plaintiff's continued work and performance in connection with the oral contract between the parties.

19. Defendant knew of the falsity of its representations and intended that the representations made to Plaintiff be acted upon, in that Defendant intended for Plaintiff to continue brokering sales of extended auto warranty service contracts based upon the representation that Plaintiff would be paid its commissions thereon.

20. Plaintiff relied on the representations of Defendant that it would be paid its commissions, was ignorant of the falsity of the representations, relied on the truth of the representations, and had a right to rely thereon.

21. The representations made by Defendant, as referenced herein, constitute willful and malicious conduct, made with conscious disregard of the welfare of Plaintiff, for which Defendant should be punished.

22. Following default by Defendant on the oral agreement reached between Defendant and Plaintiff, Plaintiff discovered that Defendant was contacting individual customers of Plaintiff, without Plaintiff's knowledge or permission, and was forwarding written correspondence to these customers, attempting to induce Plaintiff's customers to cancel their existing contracts with Plaintiff, and to contract directly with Defendant, or to renegotiate their contracts for extended automobile warranty contracts, directly with Defendant.

23. In its attempts to induce Plaintiff's existing customers to cancel their existing contracts with Plaintiff, Defendant published and forwarded correspondence to existing customers of Plaintiff, which contained defamatory and/or libelous language, more specifically as follows: "We have severed our ties with the affiliate National Auto Warranty Services, Inc., because of customer service issues we have encountered."

24. No such customer service issues ever existed, and no existing customer of Plaintiff ever contacted Plaintiff with respect to any customer service issue that had been allegedly encountered. Instead, the correspondence was an attempt not only to defame and libel Plaintiff, but to induce Plaintiff's customers to cancel their existing contracts, thus reducing the exposure of Defendant to Plaintiff, for payment to Plaintiff of commissions due on the contracts.

25. Plaintiff had a contract and valid business expectancy with Defendant Groupe HFC, Inc. d/b/a Discount Warranties, and Defendant had knowledge of the contractual relationships between Plaintiff and its customers.

26. Defendant intentionally interfered with Plaintiff's contracts and valid business expectancy, by inducing or attempting to induce a breach of the contractual business relationships between Plaintiff and Plaintiff's existing customers.

27. Defendant had no justification for interfering with the business relationships between Plaintiff and Plaintiff's existing customers, or for its attempts to induce a breach of the contractual relationships between Plaintiff and Plaintiff's existing customers.

28. Defendant Groupe HFC, Inc. d/b/a Discount Warranties's conduct described in paragraphs 22-27 above was willful and malicious in conscious disregard of Plaintiff National Auto Warranty Services, Inc.'s welfare and should be punished.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff National Auto Warranty Services, Inc. shall recover from Defendant Groupe HFC, Inc. d/b/a Discount Warranties, the cumulative sum of $533,486.54 in compensatory damages on Counts I, II, IV and V of Plaintiff National Auto Warranty Services, Inc.'s Complaint.

**IT IS FURTHER ORDERED** that Plaintiff National Auto Warranty Services, Inc. shall recover from Defendant Groupe HFC, Inc. d/b/a Discount Warranties prejudgment interest at the rate of 9% in the sum of $36,010.34.

**IT IS FURTHER ORDERED** that Plaintiff National Auto Warranty Services, Inc. shall recover from Defendant Groupe HFC, Inc. d/b/a Discount Warranties the cumulative sum of $500,000.00 in punitive damages on Counts II, IV and V of Plaintiff National Auto Warranty Services, Inc.'s Complaint.

**IT IS FURTHER ORDERED** that Count III of Plaintiff National Auto Warranty Services, Inc.'s Complaint is dismissed as moot.

**IT IS FURTHER ORDERED** that a separate Judgment shall issue this date and Defendant Groupe HFC, Inc. d/b/a Discount Warranties shall bear all costs of this action.

/s/Mary Ann L. Medler
**MARY ANN L. MEDLER**
**UNITED STATES MAGISTRATE JUDGE**

**Dated this** 10th **day of June, 2005.**