UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL AUTO WARRANTY SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV1512MLM |
| | ) | |
| PAUL A. HART, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Sanctions, to Strike Defendant's Pleadings and for an Order of Interlocutory Default. [Doc 41]

Some background is appropriate: On March 24, 2005 the attorneys representing defendant Paul A. Hart ("Hart") moved to withdraw as counsel for defendant, citing irreconcilable differences. As a result of this Motion, which was unopposed by plaintiff's counsel, the court allowed counsel for defendant to withdraw and ordered that defendant substitute counsel no later than April 25, 2005. Subsequently, plaintiff filed a Motion to Compel Discovery from defendant Hart pursuant to Fed.R.Civ.P. 37(a)(2)(B). On March 30, 2005 the court granted the Motion. The court directed that defendant with the assistance of substitute counsel respond to plaintiff's discovery no later than May 9, 2005.

On April 15, 2005 plaintiff filed a Suggestion of Bankruptcy with respect to defendant Hart only and moved the court to sever his claim from that of the other defendant in the case. On April 26, 2005 the court administratively closed plaintiff's case against defendant Hart until such time as the bankruptcy proceedings in the United States District Court for the Western District of Texas were completed, to be re-opened upon motion of either party at the appropriate time. The

court also severed the case against the other defendant in the case and ordered that all previous motions and orders remain in full force and effect as to the other defendant in the case.

On September 12, 2005 plaintiff filed a Motion to Lift the Bankruptcy Stay as defendant Hart's bankruptcy had been dismissed with prejudice in the United States Bankruptcy Court for the Western District of Texas. On September 13, 2005 the court ordered that defendant Hart's case be administratively re-opened and that plaintiff be allowed to pursue its cause of action against defendant Hart individually. The court further ordered that defendant Hart was to respond to all previous orders of the court since the stay of bankruptcy was entered, within thirty days of the date of the court's Order which included but was not limited to substitution of counsel and responding to plaintiff's discovery pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

As of the date of the filing of plaintiff's Motion, defendant Hart has neither substituted counsel nor responded in any way to plaintiff's discovery requests.

Fed.R.Civ.P. 37(b)(2) states in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

Fed.R.Civ.P. 55 states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default.

The court finds that defendant Hart has failed to obey an Order of this court and has failed to provide or permit discovery and that defendant Hart's pleadings, including his Answer to the Complaint, should be stricken. If defendant Hart's Answer is stricken, he is in default pursuant to Rule 55.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions, to Strike Defendant Hart's Pleadings and for an Order of Interlocutory Default is **GRANTED**. [Doc. 41]

**IT IS FURTHER ORDERED** that Defendant Hart's pleadings are **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter the default of defendant Paul A. Hart.

**IT IS FURTHER ORDERED** that there shall be a hearing on the amount of damages attributable to defendant Hart and the grounds on which plaintiff asserts that defendant Hart should be held jointly and severally liable on the Judgment in favor of plaintiff and against defendant Groupe HFC, Inc. on **Friday, November 18, 2005** at **9:30 A.M.** Defendant Hart is strongly urged to employ counsel and attend the damages hearing. The failure to do so may result in the waiver of rights under Fed.R.Civ.P. 55(c) and 60(b) to set aside the default and judgment.


/s/Mary Ann L. Medler
**MARY ANN L. MEDLER**
**UNITED STATES MAGISTRATE JUDGE**


Dated this ___3rd___ day of November, 2005.